## BROWNING *vs.* WHEELER.

*In an action on an award* in pursuance of a submission under seal, it is not necessary to allege in the declaration that the arbitrators were *sworn.*

Whether the provision of the statute requiring arbitrators to be *sworn* extends to a common law submission, *quere.*

Whether the omission of administering an oath to the arbitrators, even where the submission is under the statute, can be pleaded in defence to a suit at law, *quere.*

DEMURRER to declaration. The action was covenant on an award, pursuant to a sealed submission to ·two arbitrators of matters in litigation between the parties. The submission provided for an umpire, in case of disagreement, and contained mutual covenants to abide by the award. The declaration set out an award by the umpire that the defendant should pay to the plaintiff $1111,17, with certain costs to be taxed—for the recovery of which sums this action was brought. The declaration did not state that either the arbitrators or umpire were sworn, and for this omission, the defendant demurred.

*E. Clark*, for the defendant.

*P. H. Sylvester & R. De Witt*, for the plaintiff.

*By the Court*, COWEN, J. It is not necessary to decide the question ᾿ whether the 2 *R. S.* 446, 2d ed. § 4, be applicable to a common proceeding by arbitration. That section requires that the arbitrators shall be sworn. I should think the provision was intended of those cases [ *259 ] only where, *by the same statute, a judgment may be summarily entered on the award ; though, upon the *dicta* in *Wells* v. *Lain*, 15 *Wendell*, 99, and *Bloomer* v. *Sherman*, 5 *Paige*, 575, counsel seem to think this may be a vexed question. But conceding that the 4th section

reaches the case of a mere common law arbitration, it is not necessary to aver in declaring on the submission and award that the arbitrators were sworn. This is not a jurisdictional fact. At least, until the contrary appear, it must be intended they were sworn, or that the parties waived the ceremony by not objecting, or by positive consent. Jurisdiction means legal power to make a judicial decision. That, in the case of arbitrators, is conferred by delegation from the parties. The act is of the same nature as the appointment of an agent; and after the power is thus conferred, even positive corruption or breach of trust will not raise a right of defence against an action at law.* The statute also directs that judges shall be sworn. Yet, in an action on a judgment, who ever heard of a direct averment, in declaring that such was the fact? The allegation that judgment was rendered by such or such a court, is in itself an averment that the court had jurisdiction. No jurisdiction, no court. The averment that arbitrators made an award, means *qualified* arbitrators. Whether it can be shown collaterally by plea in an action on the award that the oath was omitted, is another question. But, reasoning from analogy, it could not, even assuming that an oath is necessary. You cannot plead that the judges were not sworn in an action on judgment. It is enough that they were judges *de facto*. A *fortiori*, I should suppose, as to judges *de facto* of the parties own choosing, who have acted within the scope of the powers expressly conferred. It is enough, however, upon the question before us to see that setting forth those powers, and showing that they were followed, are all the preliminary allegations which are necessary in a common law action.

Judgment for plaintiff on demurrer.

*Quere. See *Elmendorf* v. *Harris*, 23 *Wendell*, 628.