## JOHN WOODROW v. JOHN O'CONNER.

*Foreign law. Arbitration note. Award.*

If the subject-matter of a controversy in our courts arose in a foreign jurisdiction, by the laws of which it should be governed, it cannot be judicially noticed that those laws are different from our own, unless they are shown, by evidence, to be so

An arbitration note, or a note executed and placed in the hands of arbitrators to be delivered to the other party, if he should recover, becomes a valid obligation upon the making of a valid award in his favor, and the delivery of the note to him; and when so delivered, a recovery may be had upon it under the money counts.

It is no objection to an award that neither the arbitrators or witnesses were sworn, if the law did not require it, or the parties agreed that they need not be,—nor is it any objection that the umpire was appointed before the arbitrators entered upon the business submitted to them, or that the arbitrators joined with the umpire in making the award

In an action for the recovery of the amount of an award or of an arbitration note, the award cannot be collaterally impeached by showing that the plaintiff procured it by means of false testimony, which was known by him to be so.

ASSUMPSIT. The first count in the plaintiff's declaration was for money had and received, and the remaining counts were upon an award of arbitrators, but, during the trial, the plaintiff waived the counts upon the award. The defendant plead the general issue, and the case was tried by jury, at the January Term, 1856,—PO-LAND, J., presiding.

Upon the trial, the following facts appeared which were not controverted by either party. At the time of the transactions referred to, both the plaintiff and the defendant lived in Hereford, Canada East. In December, 1848, a controversy arose between them which they mutually agreed to submit to Hugh Kennedy and Daniel Sherman. After they had assembled for the purpose of having the hearing before said arbitrators, a written submission was made and signed by the parties, dated the 12th of September, 1848, and delivered to the arbitrators. At the same time the plaintiff and the defendant each executed a note for the sum of twenty-five dollars, payable to the other, and these notes were delivered to said arbitrators with directions to keep them till the award was made, and then to deliver both notes to the party in whose favor the award should be ; and if the amount awarded against the losing party should not be as much as said note, then the arbitrators were

to endorse said note down to the amount of the award. It was at the same time agreed by the parties, that the arbitrators were to reduce all the testimony before them to writing, and, in case they could not agree as to the decision of said matter, they were to submit such written evidence to Joseph Lougee, Esq., a magistrate, and he was to act as umpire with said Kennedy and Sherman.

The parties thereupon proceeded to trial before said arbitrators, and, there being no magistrate near, it was agreed that neither the arbitrators or witnessess should be sworn, and they were not. Each party had several witnesses who testified before said arbitrators. The said Kennedy and Sherman did not agree in the award, and accordingly, with the consent of the parties, they submitted the evidence taken in writing by them to said Lougee, and then the said three arbitrators proceeded to make an award in writing, which was in favor of the plaintiff. Shortly after the award was made, the arbitrators met the parties, and read their award to them and delivered it and the two notes to the plaintiff, the defendant making no objection thereto, and the balance of the award against the defendant being for more than $25.00.

It appeared that, by the laws of Canada, where an arbitration is not under a rule of court, the arbitrators and witnesses need not be sworn unless required by one of the parties. The plaintiff claimed to recover the amount of said note; and the defendant did not claim that said note or award had ever been paid; but offered to prove that, upon the trial of said cause before said arbitrators, the plaintiff procured his witnesses to state falsely before said arbitrators, and that upon their evidence the arbitrators found the facts to be as the plaintiff claimed, when the same were false, and so known to be by the plaintiff. The plaintiff objected to this evidence aud the court excluded it, to which the defendant excepted. The defendant claimed also that, upon the above state of facts, there was no sufficient consideration to sustain said note, but the court ruled otherwise, and directed the jury to return a verdict for the plaintiff for the amount of said note and interest, to which direction the defendant also excepted.

Upon the trial, the defendant objected to the admission of all the papers above referred to, and also to all the parol evidence by which the other facts than those appearing from said papers were proved,

but the court overruled the objection, to which the defendant also excepted.

*Cooper & Bartlett* and *O. Ray* for the defendant.

The award of these arbitrators was the only valid consideration for this note.

The submission in this case was in writing, and is the only proper evidence of what the parties agreed to do.

Parol evidence to show that Lougee was umpire was inadmissible, as was also all parol evidence of the agreement of the parties to the award to alter or vary or in any way control the written submission.* 2 Stark. Ev. 995–1000. *McGregor* v. *Bugbee*, 15 Vt. 734. *Jones* v. *Webber*, 1 D. Chip. 215. *Bradley* v. *Anderson*, 5 Vt. 152. *Bradley* v. *Bentley*, 8 Vt. 243.

This arbitration and award all rest in parol.

The arbitrators transcended the authority given them in the submission by attempting to award what the submission makes no provision for, and this too is the act of all three.

This is a foreign award, and is no more conclusive than a foreign judgment.

Foreign judgments may be impeached, especially of courts not of record. 1 Stark. Ev. 209, 3d ed.

In Vermont an award is no further conclusive than a judgment at law.

In this case the arbitration arose collaterally, as the consideration of the note, and is subject to be impeached for the fraud or corruption of the party.

*H. A. Fletcher* for the plaintiff.

The count for money had and received is as appropriate as a special declaration either upon the award or note.

A promissory note may be given in evidence upon a count for money had and received. *Edgell* v. *Stamford*, 6 Vt. 551.

So a sum of money awarded to be paid, may be recovered in an action for money had and received. *Bates* v. *Curtis*, 21 Pick. 247. See also *Keen* v. *Battshose*, 1 Esp. 194.

Notes executed at the time of the submission, deposited with

---

* The submission was not among the papers furnished to the reporter.

referees or arbitrators, to be reduced by endorsements to the amount of the award, are held valid. *Town* v. *Jaquith*, 6 Mass. 46. *Batty* v. *Button*, 13 Johns. 187. *Page* v. *Pendergrast*, 2 N. H. 233. See also 17 Johns. 301.

In arbitrations the parties select their own judges, by whose decision and award they are bound, and the agreement of the parties will also be binding upon them. The agreement of the parties was that neither the arbitrators or witnesses should be sworn, and the objection that they were not sworn has no weight. See *Town* v. *Jaquith*, 6 Mass. 45. .

The appointment of Lougee as umpire is good, though made before the arbitrators entered upon the business referred to them. 2 T. Rep. 645. *Bates* v. *Cooke*, 9 B. & C. 407. And the arbitrators may well join with the umpire in making the award. *Soulsby* v. *Hodgson*, 3 Burr. 1474.

Indeed the submission says that the umpire was to act with the said arbitrators, and accordingly, with the consent of the parties, the arbitrators submitted the evidence to said umpire.

The award is in the nature of a judgment, and it cannot be impeached by evidence tending to show that the plaintiff obtained the award by false testimony. 2 N. H. 234.

It is further objected that there is no consideration for the note. The short answer to this exception is, that the submission of the matters in difference between the plaintiff and the defendant, and their undertaking to pay, form a good and sufficient consideration. 2 N. H. 233.

The opinion of the court was delivered by

BENNETT, J. The facts in this case all appear upon the bill of exceptions, and the case states that they were not controverted on the trial. It appears that the notes, submission and award were all made in Canada East, where both parties, at the time, resided, and hence it must be regarded as a Canada transaction, and to be governed by the Canada laws. We cannot, however, take judicial notice of the laws of Canada, and there being no evidence before us as to what those laws are upon the facts now before us, we are to assume that there is no distinction between those laws and our own. The question then is, cannot the plaintiff recover the amount

due upon his note? We discover no reason why the award was not binding upon the parties.

It appears that the parties agreed that neither the arbitrators nor witnesses need be sworn, and the defendant cannot now make such an objection. Besides the exceptions show that by the laws of· Canada, when the arbitration is not under a rule of court, the arbitrators and witnesses need not be sworn, unless required by one of the parties. There can be no objection that the umpire was appointed before the arbitrators entered upon the business submitted to them. *Roe on the demise of Wood* v. *Doe*, 2 Term 644; and both arbitrators might well join with the umpire in making the award. See *Soulsby* v. *Hodgson*, 3 Burr. 1474; and indeed the submission contemplated that the umpire was to act in conjunction with the arbitrators.

The evidence· offered by the defendant that the plaintiff procured the award to be made in his favor by means of false testimony induced by him, was properly excluded. The award is in the nature of a judgment, and cannot be thus collaterally impeached. *Bulkley* v. *Stewart*, 1 Day 130. *Page* v. *Pendergrast*, 2 N. H. 234. If there was a binding award between the parties, a recovery may well be had upon the arbitration note, as it is called. It was decided by the supreme court, as early as 1819, that arbitration notes were‾ valid. *Bagley* v. *Wiswall*, Brayton 23. The objection that there is no sufficient consideration is unfounded. The note takes effect from the time it was delivered over to the party by the arbitrators, and if at that time there is a valid award, in a certain sense, the note takes the place of the award, and there is a most ample consideration to support the note. See *Batty* v. *Button*, 13 Johns. 187. *Page* v. *Pendergrast*, 2 N. H. 233. See also 17 Johns. 301.

If the note is valid, a recovery might well be had on the money count. It seems the plaintiff waived his counts upon the award.

We think the judgment below should be affirmed.