## ASA WHITE

### *v.*

## MOSES ROBINSON.

1. AWARD—*evidence—taken by two arbitrators.* Where matters in difference were submitted to the award of three persons, two of whom heard the evidence of a sick witness, reduced it to writing, and all considered it in connection with the other evidence: *Held*, that as the evidence of the witness, taken in the presence of the attorney who now objects, was fairly taken and no objection was made at the time, or before the arbitrators, there was no injury sustained, and the award can not be set aside, under the circumstances, for such an irregularity.

2. Had there been any fraud, misconduct or misrepresentation, it would have been otherwise.

This case distinguished from *Smith* v. *Smith*, 28 Ill. 56, as in that case no rights were waived, whilst in this there were.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, CLARK & CALKINS, for the plaintiff in error.

Messrs. STEWART & PHELPS, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The basis of this suit was an award, regular and certain upon its face. It was signed by the two arbitrators chosen by

the parties, and by the umpire, selected by the arbitrators named in the submission.

The only irregularity complained of is, that one of the arbitrators was not present when one of the witnesses was examined. This witness was sick, and for the purpose of obtaining his testimony two of the arbitrators and the counsel of both parties went to his house and wrote down his statement, which was read to him and approved. This written statement was then submitted to the three arbitrators, and the award made.

This evidence was received without objection at the hearing, and was commented upon by counsel in their arguments.

One of the counsel for appellee, against whom the award was made, testified that the evidence was substantially reported to the absent arbitrator, and it was mutually agreed to be the statement of the absent witness.

There is neither charge nor proof of misrepresentation or fraud, or other misconduct.

This irregularity can not render the award invalid.

The case of *Smith* v. *Smith*, 28 Ill. 56, is not decisive of the case at bar. The decision in that case was merely that, if an intoxicated person—one so drunk as to be *non compos mentis*—acts as an arbitrator, the award will be set aside. It is true that the language is used, that "each arbitrator must be present at every meeting, and the witnesses and parties must be examined in the presence of them all."

As a general principle this is correct, but parties may waive its necessity. No objection was made before the arbitrators to the admission of the written statement of the absent witness. It was present and used by both parties, and was known to all the arbitrators. If objection had then been made, the irregularity could easily have been remedied.

No wrong has been inflicted upon appellee. His own judges, by consent of his counsel, acted upon the evidence. He should not be allowed to insist that such mere irregularity, without any prejudice, should operate to defeat the award.

In *Hawkins* v. *Colclough*, 1 Burr. 274, Lord Mansfield said: "Awards are now considered with greater latitude and less strictness than they were formerly. It is right that they should be liberally construed, because they are made by judges of the parties' own choosing." And he declared against *critical niceties* in scanning awards made by judges chosen by the parties.

The defense is entirely technical ; the award is certain and final ; and the utmost good faith seems to have been observed in making it. Under the facts disclosed, we think it is conclusive upon the parties.

The judgment is reversed and the cause remanded.

*Judgment reversed.*