## Case No. 7,097.

### ISAACS et al. v. PRICE.

[2 Dill. 347.] [1]

Circuit Court, D. Kansas. 1872.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

H. M. Herman, for plaintiffs.

Nathan Price and A. H. Horton, for defendant.

DILLON, Circuit Judge. If this action is to be deemed as having been commenced in August, 1867, when the original petition was filed, and the first summons was served in the manner above stated, it is admitted that the same is not barred. On the other hand, if the suit is to be considered as commenced only when the second summons was served, to-wit, June 6th, 1870, then it is conceded by the plaintiff that this action is within the operation of the limitation statutes of the state. The record shows that on the 17th day of August, 1867, the petition was filed and the summons was issued. The original summons was in due form, and contained all the indorsements. The marshal made service of the summons, and returned that fact to the court, and a judgment by default was entered at the return term, reciting that the defendant had been duly served. Two years afterward the defendant appeared, and the court, on the marshal's amended return, showing that the copy of the summons which had been left at the residence of the defendant did not contain a copy of the indorsement of the amount for which judgment would be taken if the defendant failed to appear, set aside the judgment, on the ground, as the record of its action states, that no service of the summons was ever made, and no appearance to the action had.

The justice of the plaintiffs' demand not being questioned, and there being no claim that the defendant did not receive the copy of the summons before the return term, nor any claim that the judgment was taken for too much, it is plain that the order setting aside the judgment was not well considered; but it was set aside upon the ground, not that no service was ever made, but upon the technical one that the copy of the summons left for the defendant omitted the indorsement of the amount claimed by the

plaintiffs to be due them. When this action of the court was had the plaintiffs issued a new summons, June 6th, 1870, which was served, and the defendant appeared and pleaded the statute of limitations; and as above remarked, his plea is available to him if the suit is to be deemed commenced June 6th, 1870, but not if it is to be regarded as having all the time been pending since its original institution. In my opinion the action is to be regarded as having been pending from the time the petition was originally filed and the summons served in 1867. The judgment rendered upon the first return of service was not void, but in every respect regular upon the face of the record. The defendant afterwards appeared in court and asked to have the judgment set aside, and his demand was granted. This did not defeat the plaintiffs' right, or put an end to their action. After this action on the part of the defendant no new summons was necessary, and the court should only have set aside the judgment on a plea to the merits being filed. The issuing of a new summons on the same petition, or the same as amended, did not make a new suit, nor was it the commencement of a new action. The action which was tried at the last term is the same action which was commenced in August, 1867, and not a new one. For the purpose of preventing the statute of limitation from running the service of the first summons was sufficient. It apprised the defendant that the plaintiffs had brought an action against him, and where it was pending. A distinction is to be made between a case where there is no service whatever, and one which is simply defective or irregular. In the first case the court acquires no jurisdiction and its judgment is void; in the other case if the court to which the process is returnable adjudges the service to be sufficient and renders judgment therein such judgment is not void, but only subject to be set aside by the court which gave it, upon seasonable and proper application, or reversed upon appeal. The error in the argument of the defendant is that it proceeds upon the ground that the judgment rendered upon the service made upon him was wholly void. It is true the record which set it aside recited that no service of summons was made upon the defendant and that it was void, but this action of the court is to be construed with reference to the application upon which it was based, and that showed and admitted that service had been made, but claimed that such service, owing to the absence of the indorsement on the copy, was not sufficient. It is not entirely clear to my mind that the omission to give all the indorsements is such an irregularity as would be ground for reversal on appeal; but if so, the judgment was valid while it remained in force, and when it was set aside the action was still pending, and it remained a pending action until it was tried at the last term.

The defendant's case is not within the purpose of the limitation enactment, which is to protect persons from stale claims. But here the plaintiffs brought suit in time upon a demand confessedly just and unpaid. If the defendant had appeared at the return term he would have had no defense on the merits, and no defense under the statute of limitations. He neglects to appear at court, waits until the statute period for the recovery of such claims has fully elapsed, and then applies to the court and suggests the defective service, made over two years before, and asks to have the judgment set aside. This being done, he asks the benefit of the statute of limitations, which had not elapsed when the suit was commenced. This position overlooks the philosophy or reason on which such legislation rests, which is the neglect or laches of the plaintiff to prosecute his suit. But whatever neglect there is in this case is clearly the defendant's. Besides there never has been any failure of the plaintiffs to recover upon "the merits" of their claim upon which action was brought "within due time," and therefore the plaintiffs are within the equitable or just provision of the legislation made for such cases. Rev. St. 1868, p. 634, § 23, quoted in the statement of the case.

Motion for new trial denied, and judgment for plaintiffs. Judgment accordingly.