[No. 1609.]
SMITH v. SMITH ET AL.

1. PRACTICE—PLEADING—ESTATES OF DECEDENTS.
A bill against an administrator asking that plaintiff be declared the sole
heir of the deceased, which fails to show that an estate of personal
property to which plaintiff is entitled has come into and remains
in the possession of the administrator, that the estate is in condi-
tion for distribution and that demand has been made, fails to state
any cause of action against the administrator.

2. ESTATES OF DECEDENTS—PARTIES.

A bill against an administrator asking that plaintiff be declared the sole
heir to the estate is fatally defective unless all parties who might
be entitled to share in the estate are made parties.

3. JUDGMENTS—DIVORCE—COLLATERAL ATTACK.

A judgment of divorce which does not affect any property rights may
not be attacked in a collateral suit against the administrator of the
party in whose favor the divorce was granted.

4. SUMMONS—WAIVER OF DEFECTS.

Where a defendant accepted service of summons and waived the time
to appear, answer or demur, it was a waiver of a defect in the sum-
mons in failing to state within what time defendant was required to
appear, and a judgment entered upon such summons without fur-
ther appearance by defendant is not invalid on account of such de-
fective summons.

*Error to the District Court of Arapahoe County.*

Mr. H. M. JACOWAY, for plaintiff in error.

Mr. ERASTUS W. SMITH, for defendants in error.

BISSELL, P. J.

Mrs. Smith initiated this litigation in the county court of
Arapahoe county. The original defendant was Benkelman,
who was administrator of the estate of Minor C. Smith, the
plaintiff's former husband. Various proceedings were had
in that court, and Edna May Smith who intervened claimed
to have some relation to decedent and to be thereby entitled
to some interest in his estate. There was a trial, a judgment
and an appeal to the district court wherein an amended com-
plaint was filed. The suit was continued against Benkelman
as administrator. The intervenor was still a party and by
both a general demurrer was interposed to the complaint on
which the cause was heard and judgment rendered against
the plaintiff who prosecutes error.

The suit is in many respects peculiar and somewhat novel.
Whether in any event, and under any circumstances such
an action could be maintained and relief of the kind prayed

for ever had, it is unnecessary to determine. We only have
to pass on some phases of the question. There will be no
attempt to state the complaint in its entirety, but we shall
abstract its allegations that the cause of action as conceived
by counsel may be apprehended. The plaintiff averred that
on the 17th of September, 1887, she married Minor C. Smith.
They lived together as husband and wife until the 30th of
December, 1893, at which time Minor brought an action of
divorce against the plaintiff and filed his complaint. It was
next averred that the summons did not require the defend-
ant to appear and answer within thirty days after service if
served in the state, or fifty if served outside the state or that
default would be taken. There was a statement of a legal
conclusion that because of the failure to require the defend-
ant to thus appear and answer, the summons was unauthor-
ized and void and gave the court no jurisdiction. The
plaintiff next averred that on the 29th of December, 1893,
she signed a written acceptance of the summons and com-
plaint and waived her statutory time to demur or answer,
following this by the statement of a legal conclusion that
this acceptance did not constitute service. The plaintiff next
averred that Minor obtained a divorce on that summons and
service, although she made no appearance. She then con-
tinues that the decree was void and the cause of action set
up wholly false, and that by reason of these various proceed-
ings an imposition was practiced on the court and a fraud
perpetrated against the rights of the people. The plaintiff
next alleges that her husband died on the 13th of June, 1894,
leaving surviving him the plaintiff as his widow and sole heir.
She next alleges that Minor died seized of an estate of the
value of $5,000. There is elsewhere in the complaint no
allegation whatever respecting this estate, its character or
amount, and none that the estate of which he thus died seized
had ever passed into the possession or control of anybody
named in the suit. Plaintiff averred that Benkelman was
appointed administrator in June, 1894. The complaint then
concludes with this somewhat extraordinary prayer, that the

decree be set aside, the plaintiff adjudged the sole heir and for costs.    This comprises all the allegations of the complaint. No other facts are set up whereupon the plaintiff might be entitled to any relief.    We are therefore presented with the naked question, whether the complaint contains enough, if all its allegations were established, to entitle the plaintiff .to any relief.    The plaintiff evidently prepared the bill and attempted to maintain the suit on the theory that the failure to distinctly follow the statute which has established the procedure in divorce cases rendered the decree absolutely void, and after the husband died the wife was the widow and the sole heir.    The defendants demurred on the hypothesis, and the court accepted it and so ruled, that the service as made, even though irregular and even though the summons failed to pursue the statute with reference to the time to answer, gave the court jurisdiction and the defendant waived these irregularities and therefore became bound by the judgment which she cannot now question.    While this theory is probably correct as we shall hereafter decide, it is equally true, as we look at it, that the plaintiff in other respects failed to state a cause of action.

Whether a bill asking only for a decree that the plaintiff be declared the heir could ever be maintained as against an administrator alone is exceedingly doubtful.    We have been referred to no cases, nor with the examination which we have made of the question have we been able to discover any principle which will sustain such a bill.    In the first place it may be well doubted whether the title of the administrator to the personal assets of a decedent is such as to make him the only indispensable party to a bill filed to obtain such a decree. It is quite correct to say when speaking of the property of decedents, that the personal estate descends to the administrator and the real estate to the heir.    Both expressions are sufficiently accurate for the general purposes for which they are used; at the same time neither is strictly correct where the title to personal estate is by the death transmitted to the personal representative, whether he be such by appointment

of the statute or by designation of the decedent. The title is not an absolute one, and it is totally unlike that which the individual acquires by purchase or by descent. It is a qualified title which the representative holds for the purposes of winding up the estate, the payment of debts, and the distribution of the surplus. Schouler's Executors and Administrators, § 244.

The title only exists for purposes connected with the administration. Under our statute of wills, chapter 95, General Statutes of 1883, the administrator is charged with the general duty of winding up the affairs of the estate, selling the personal property if it be necessary to pay debts or for the purposes of distribution. After the debts are paid the administrator must then under the order of the county court, which is the court of probate in this state, distribute among the heirs what remains in his hands. For this purpose there are provisions for a final accounting to which all the parties interested are cited to appear, and wherein claimants may assert rights and therein an order may be made for a distribution of the estate among those entitled. It may well be doubted whether a person claiming an interest as against the administrator can otherwise than by becoming a party to these proceedings in the county court call on him to pay over any part or portion of the estate, and can otherwise than in that tribunal obtain a hearing and an adjudication of those rights as against the representative alone. Whether this be or be not true to its full extent, it is certain that no suit can be maintained against the administrator by an heir to obtain any part of the personal estate without other averments than those contained in this petition. It is undoubtedly essential, if such a bill will ever lie, to show that an estate has come into the possession of the administrator consisting of personal property. It must appear that the estate is in condition for distribution. A demand must be alleged and proven, and there must be adequate averments to show property in the possession of the administrator to which, all other allegations being sustained, the plaintiff will be entitled. None of these things

appear in the present bill. We are not advised by these pleadings whether the estate was real or personal. We are left entirely in the dark about the fact of possession by the administrator. We are unadvised whether the estate was free from debts or that it would be entirely absorbed in liquidating claims which had been filed against it. It must be true, if the personal estate and the debts were coequal, no cause of action could ever arise in favor of this claimant, even conceding her to be the widow, as against the administrator, unless it might be under some circumstances for her widow's allowance. It therefore follows that in this respect the complaint was plainly defective.

We are equally well satisfied, though this question was not perhaps raised by the demurrer, that there was a fatal defect of parties. This might not be available to the administrator or to the intervenor as a defense since they failed to suggest it. We only refer to it because the bill is so radically bad as to be assailable on general demurrer, and we refer to this as another of its fundamental defects. There can be no decree, as we look at it, declaring the plaintiff the heir, unless the bill also seeks relief with respect to property real or personal left by the decedent. If the decree was intended, as it doubtless was, to affect the decedent's estate and to give the plaintiff rights therein, it was indispensable not only to describe it, but to bring before the court all the parties who under the statute might be entitled to share in its distribution. The administrator and the heirs or claimants, whoever they might be, must necessarily be brought in. If the plaintiff had succeeded in obtaining a judgment that she was the heir, it would only bind the administrator, it would not have bound anybody else. Therein it must have been decided who was the only heir.

We concur in the contention of the defendants in error that this complaint seeks in a collateral way to assail the judgment of divorce. We are quite well satisfied no action will lie against an administrator to set aside a decree between parties where one of the parties to the suit is dead, and the

administrator is brought in in a representative capacity, and the action concerns rights other than those affecting property whereto the administrator has only received a representative title. We are not clear that a bill to set aside a judgment where one party is dead, brought directly for that purpose, can ever be maintained. We are clear, however, it may not be maintained unless there be involved in the action some determination of property rights, and the title and interest thereby affected has passed either to the representative or to other persons, and the suit seeks to reach those interests. In the present case the action was to set aside a judgment of divorce which was purely personal. The suit was begun in December, 1893, ended within a few months; the final decree passed under the acceptance of service by the defendant more than two months prior to the death of the plaintiff. The decree severed the bonds of matrimony. The action only concerned the parties. It affected no property rights. By the decree no right or interest in any property passed to the plaintiff, and by it the defendant was deprived of no right or interest in personal or real property, except as it might perhaps be said by reason of the divorce she was deprived of an inchoate interest which might have ripened into an actual interest by the death of the husband, the marital relations still existing. The husband died. Whatever inchoate interest the wife had theretofore possessed she lost by the decree. She inherited nothing. This proposition of course is combated by the plaintiff in error on the theory that the judgment was absolutely void.

In the first place, as already suggested, we doubt whether this be anything but a collateral attack on a judgment theretofore entered by a court of competent jurisdiction. Had there been no service of notice, or the equivalent process in anywise served, doubtless there would have been no judgment, and the plaintiff might then have proceeded as the heir to maintain and assert her rights. It seems, however, to be very generally conceded that wherever there is a process or a notice, and the only contention respects its sufficiency

as a notice or process, and the averments simply go to show that it was defective, the judgment may not be held void even in an original action in equity to annul the judgment for want of jurisdiction. Many of the authorities hold the attack in this respect to be collateral, and the judgment unassailable. *Farmers' Ins. Co. v. Highsmith*, 44 Ia. 330; Van Fleet on Collateral Attack, § 11.

Whether there are exceptions to this general rule we do not determine, nor do we put the case principally on this proposition, since as we look at the record there is another which is indisputable and can be maintained by a long line of authorities in our own state as well as others.

The judgment was not void because of the alleged defect in the summons. The only defect averred was a failure to state the time within which the defendant should answer. The complaint does not state what time was allotted by the terms of the writ, though the arguments of counsel would seem to indicate that the time allotted was twenty days in place of thirty. It has time and again been held that such defects in a summons are unavailable, unless, in this state at least, there be a special appearance and motion to quash because of the failure to comply with the statute. There might have been a grave question respecting the validity of the judgment had there been a service of a summons of this description and no appearance. Whether a judgment thus rendered without appearance either general or special, or a motion to quash would have been sufficient to sustain the judgment, we need not inquire. In the present case the plaintiff avers the summons and complaint was served on her. She likewise sets up that she accepted the service and waived the time to appear, answer or demur. It has been many times held in analogous cases that defects of this description are not available for the purposes of an attack on a judgment where the notice or process was in itself insufficient if the parties appeared and did not attempt to take advantage of the proceedings. Such defects are not sufficient to support a subsequent suit attacking the judgment. *Isaacs v. Price*, 2 Dill. 347;

*Porter v. Vandercook*, 11 Wis. 70; *Strong v. Catlin*, 3 Pinney, 121; *Mezchen v. More*, 54 Wis. 214; *Ballinger v. Tarbell*, 16 Ia. 491; *Titus v. Whitney*, 16 N. J. Law, 85.

We cannot discover any difference in principle in actions affecting property and those instituted to obtain a divorce. The public is not interested in divorce proceedings or concerned in their results. 2 Bishop on Marriage and Divorce, § 706.

We are equally well satisfied that under these authorities, as well as those in our own state, the defect may be treated as waived. At best it is questionable whether if there had been an actual service by an officer of this process, it would have been so far void as to deprive the court of jurisdiction, and whether the defendant could after receiving it stand by and let the judgment go, and thereafter file a bill to attack it. Our statute respecting irregularities of this description is very broad, and very few technical defects and omissions are available for such attacks. This question has been recently considered by the court in two cases. *Rich v. Collins*, 12 Colo. App. 511; *Schlacks v. Johnson, ante*, p. 130. In any event, whether the principle of those cases is or is not applicable, it is well settled under the authorities already cited, as well as *Butler v. Rockwell*, 17 Colo. 290, *The Glass-Pendery M. Co. v. Meyer M. Co.*, 7 Colo. 51, and *Burkhardt v. Haycox*, 19 Colo. 339, that a party may be concluded by the principle of waiver from subsequently contesting the judgment on the basis of those irregularities where the attacking party has taken no steps within a reasonable time to protect his rights. We are quite of the opinion the acceptance of service as set up in the complaint and the direct waiver of time to demur and answer was a legal waiver of the alleged irregularity in the summons whereon the decree of divorce rested.

We are equally of the opinion the complaint is not aided by the averments attacking the ground of divorce alleged in the original suit. This was wholly foreign to the present action, and whether the suit for divorce was or was not well based, is not a matter for our present determination. Since

we have determined that the ground on which this charge was based concerned not a void but only a defective process, and a defect which the party has waived, and that the bill is fatally defective in other fundamentals than those respecting process, we conclude the judgment of the district court sustaining the demurrer is right and it will be affirmed.

*Affirmed.*