**In the Matter of the Arbitration between T.A.H. GENERAL PARTNERSHIP, a/k/a T.A.H. Medical Leasing, Ltd., Appellee,**

v.

**SOUTHWEST RADIOGRAPHICS, Appellant.**

**No. 90CA0041.**

Colorado Court of Appeals, Div. IV.

Jan. 17, 1991.

Timothy J. Simmons, Colorado Springs, for appellee.

Sabey, Epstein, Ordelheide & Smith, P.C., Melvin B. Sabey, Christine O'Connor, Denver, for appellant.

Opinion by Chief Judge STERNBERG.

Southwest Radiographics appeals the district court's refusal to vacate an arbitration award in favor of T.A.H. General Partnership. We affirm.

T.A.H. and Southwest arbitrated a business dispute. At the conclusion of the arbitration hearing, the parties, their attorneys, and the arbitrator were together in the front of the hotel in which the hearings had taken place. The arbitrator mentioned that he was about to call a cab to take him to where his automobile was being repaired. A representative of T.A.H. then offered to drive the arbitrator there. The offer was accepted and the two walked away. Counsel for Southwest then voiced his objection to this situation to the counsel for T.A.H.

The objection to counsel at the scene, and out of the presence of the arbitrator, was the only objection made until one week later, *after* the arbitrator made his findings and award in favor of T.A.H. At that time, Southwest did file an objection with the arbitrator. When it was denied, Southwest applied to the district court to vacate the award alleging partiality or misconduct by the arbitrator that prejudiced its rights, pursuant to § 13–22–214(1)(a)(II), C.R.S. (1987 Repl.Vol. 6A).

The district court found that: Prior to the arbitrator's getting into the car with the representative of T.A.H., counsel for Southwest made known its objection to counsel for T.A.H.; counsel for T.A.H. advised counsel for Southwest that the T.A.H. representative had been instructed not to discuss any aspects of the arbitration with the arbitrator during the ride; and that the T.A.H. representative had, in fact, filed an affidavit with the court indicating that no aspect of the arbitration was discussed during the ride. That affidavit indicates that the trip was about ten minutes, during which the two discussed mushrooms, a hobby of the arbitrator, and fishing in Colorado and Wyoming.

The district court found that, although there may be some appearance of impropriety, there was no evidence of any *ex parte* communication on any material aspects of the case, that the presumption of regularity in the proceedings had not been overcome, and that, therefore, Southwest was provided with an impartial arbitration. Accordingly, it confirmed the award.

■ Southwest now contends that the arbitrator's award should be vacated because its absolute right to an impartial arbitrator and arbitration free of *ex parte* communication was denied because of the contact between the T.A.H. representative and the arbitrator. We do not reach this contention; instead, we hold that the alleged defect in the arbitration proceedings was waived by the failure of Southwest to object to the alleged irregularity until after the decision was announced.

■ An objection to alleged irregularities in proceedings which are not jurisdictional in nature must be seasonally made. One who knows of an irregularity in arbitration proceedings may not idly sit by in the hope of obtaining a favorable result and, after entry of an unfavorable award, raise the alleged irregularity as a means of attacking that award. That is, he may not remain silent until after the award is en-

tered in an effort to have the best of both worlds. *See Glass–Pendery Consolidated Mining Co. v. Meyer Mining Co.,* 7 Colo. 51, 1 P. 443 (1883).

Other jurisdictions follow the same rule. *See Fort Hill Builders, Inc. v. National Grange Mutual Insurance Co.,* 866 F.2d 11 (1st Cir.1989). ("[A]bsent exceptional circumstances, we will not entertain a claim of personal bias where it could have been raised at the arbitration proceedings but was not"); *Morelite Construction, Corp. v. N.Y.C. District Council Carpenters,* 748 F.2d 79 (2d Cir.1984) fn. 5 ("a disgruntled party cannot object after an award has been made"); *Graphic Arts International Union v. Haddon Craftsmen, Inc.,* 489 F.Supp. 1088 (M.D.Penn.1979) ("[A] a party may not await an adverse award before asserting objections on grounds of which he had knowledge prior to the award.")

Here, Southwest could have objected to the arbitrator before he accepted the ride, or during the week between the hearing and the award. Southwest's silence constituted a waiver of this objection. *See Swift Independent Packing Co. v. District Union Local One,* 575 F.Supp. 912 (N.D.N.Y. 1983).

The order is affirmed.

CRISWELL and DAVIDSON, JJ., concur.