Foot, J.
 

 The question between the parties in this cause is, whether the appellant, Mrs. Monroe, is entitled to a share of the real estate of her late uncle, Sir William Douglass, and this depends on the true construction of his testamentary settlement, the controlling efficacy of which both parties admit. As the real estate lay principally in Scotland, where Sir William was domiciled, and his settlement made, and as a judicial proceeding was had in that country, after his death, which has been supposed to affect materially the rights of the parties, the learned vice-chancellor in his opinion, and
 
 *424
 
 the counsel, on the argument before this court, have gone into a full examination of the laws of Scotland, which were supposed to apply to the present controversy.
 

 Although the respondent, in his answer, has made frequent reference to the laws of Scotland, and alleged that by them he acquired a right to the real estate in question ; yet, neither he nor the appellants have set forth or claimed in their pleadings, or proved, that the laws of Scotland are different from our own, in .regard to the construction and legal effect of the testamentary settlement ; nor have they averred or proved the existence, in that *country, of any rule or principle of law, written or unwritten, relating to that subject, which, on comparison,- appears different from our own.
 

 It is a well-settled rule, founded on reason and authority, that the
 
 lex fori,
 
 or, in other words, the laws of the country to whose courts a party appeals for redress, furnish, in all cases,
 
 primd facie,
 
 the rule of decision ; and if either party wishes the benefit of a different rule or law, as, for instance, the
 
 lex domicilii; lex loci contract'ds;
 
 or
 
 lex loci rei sitee;
 
 he must aver and prove it. The courts of a country are presumed to be acquainted only with their own laws; those of other countries are to be averred and proved, like other facts of which courts do not take judicial notice
 

 [2]
 

 and the mode of proving them, whether they be written or unwritten, has been long established.
 

 The testamentary settlement of Sir William Douglass, and the rights claimed by the parties in this suit, under it, must, therefore, be tested and determined by our own laws. Nothing appears on the record, nor was anything presented on the argument, showing their inapplicability
 
 *425
 
 or insufficiency to produce a. just result. On tire contrary, so far as any light, from any source, was furnished, the rules of construction of an instrument like the one under consideration, are the same in both countries; and for'that reason, probably, neither party thought it material to aver or prove the Scotch rules.
 

 The words “heirs of his body,” used by the testator (for so he may be rightly called) in limiting his estate, have a clear, settled and technical meaning, and, beyond all doubt, give the real estate in controversy to the respondent in tail. The only question arising on the settlement is, whether the use of the word
 
 “
 
 children,” in the different connections in which it occurs, in the subsequent parts of the clause, modifies and controls the well-established and technical meaning of the terms, “heirs of the body.” Tested by the rule confirmed and settled in the important case in the House of Lords, of
 
 Jes-son
 
 v.
 
 Wright
 
 (2 Bligh 1; see also a full extract *of the case in 2 Jarman’s Pow. 467-72), it appears quite clear, that it does not. That rule is,
 
 “that technical words shall ham their legal effect, unless, from subsequent inconsistent words, it is very clear, that the testator meant otherwise.”
 
 It is far from being clear, that the testator, in this case,
 
 meant otherwise;
 
 on the contrary, when the clause is read with the recommendation which immediately follows it’ the conclusion is satisfactory, that he intended the respondent should take an estate-tail in this real property, as his words strictly and technically import. This conclusion render, an examination of the other questions in the cause unnecessary.
 

 Decree affirmed.
 

 [2]
 

 Hull
 
 v.
 
 Mitcheson, 64 N. Y. 639; Lawson
 
 v.
 
 Pinckney, 8 J. & Sp.187. The presumption' that the common law prevails in another country, only ap- ■ plies, however, to England, and to those states, which have derived the common law from her. Savage
 
 v.
 
 O'Neil, 44 N. Y. 298.