WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April, 1889.

MATTER OF GEHRIG.

*In the matter of the judicial settlement of the account of* HENRY HUSS, *as executor of the will of* SEBASTIAN GEHRIG, *deceased.*

To entitle a foreign corporation to take a legacy under a will proved in this state, there must be legal proof not only that the foreign corporation has existed, but that it did exist as such at the time of the death of the testator. Without such proof, it is incompetent to take, and the legacy does not fall into the residuum, but lapses as if undisposed of.

ACCOUNTING of Henry Huss as executor of the will or Sebastian Gehrig, deceased.

The testator, by his will dated August 13, 1881, disposed of his estate, amounting in gross to about $7,500, as follows: He bequeathed to his only child Katie Gehrig, the sum of five dollars; to the Wartburg Orphan Asylum, one quarter of the residue; to the German Hospital in the city of New York a like one quarter; to the Community of Hochhausen, Circuit Tauberbischofsheim, Grand Duchy of Baden, Germany, a like one quarter, and to Josephine Smith, the step-daughter of a deceased brother, the remaining one quarter. The testator died in January, 1886, and his will was admitted to probate in December of the same year.

JACOB F. MILLER, *for the executor.*

R. M. BRUNO, *for* COMMUNITY OF HOCHHAUSEN, &C.

THE SURROGATE.—The Wartburg Orphan Asylum and the German Hospital, being well-known corporations, have been settled with by the executor. The only question litigated is in regard to whether the Community of Hochhausen, is a corporation and capable of being a legatee.

It is well settled that courts will not take judicial notice of foreign laws, written or unwritten, but that they must be proven like any other facts. Story, Conf. Laws, 527, § 637; the unwritten laws being susceptible of proof by parol evidence. *Id.* 530, § 642. The usual course is, to make such proof by the testimony of competent witnesses, instructed in law, under oath. Monroe v. Douglass, 5 *N. Y.* 447; *Code of*

*Civil Procedure,* § 942; Hynes v. McDermott, 82 *N. Y.* 41.

This the community has endeavored to do by the testimony of Charles Ferrie, the vice consul of the German Empire in New York city, a gentleman of culture and erudition.   He testified that he had, at Berlin and elsewhere, studied the written and the unwritten laws of the states of the Empire, including Baden, and had been an assistant judge in Germany; that he had been in this country for three years; but when he left Germany does not appear; that it is the unwritten law that the community has its mayor and common council and a seal, and has a right to take a legacy.   A book was produced and shown to the witness who testified in effect, that it was a volume of the statutes affecting the Grand Duchy of Baden, published by its authority in 1832, as such laws then existed and exist now.   One section provided that every " community has a right to administer its affairs as a community, and to manage property independently for itself;" another that all movable and immovable property of communities is the property of the citizens, as a corporation " or " as a body," or " as a whole;" that this and similar communities had their origin in the unwritten law, and had been in existence, as his studies led him to believe, for at least nine hundred years; that these unwritten laws are printed in books or treatises; that the statutes of the Grand Duchy were, prior to 1848, enacted by the Grand Duke, and since then by a legislative body; that the law in respect to this community, as he had, in his official position, been recently informed by the Minister of Baden, has not been changed by any

statute; and that if it had been, he should, by rea-
son of his official position, have been apprised of it;
that he had not personally examined to see that there
had been no change, but based his opinion upon what
some one else had told him, as to the present condition
of the law. The witness also read from the book pro-
duced, this enactment: " Communities are either cities
or townships. No community in existence can be dis-
solved unless by the legislature." The witness again
testified that the book contained all the laws concern-
ing the communities of Baden and that if there had
been any change he would know it from his official
position. He had examined none of the session laws
passed since 1848.

The existence of a foreign law must be proved in
the same manner as any other fact. If it be a statute,
the book containing it, properly identified, or a duly
authenticated copy of the statute, must be produced.
If it be an unwritten law which is in question, it may
be proven by a person learned in that law. In either
case, it must be shown that such law was in force at
the time of the event or occurrence to which it is
claimed to be applicable; that it is shown to have
existed at a time prior thereto, raises no presumption
of its continued existence. Hynes v. McDermott,
*supra.* Nor can its continued existence be established
by hearing evidence, any more than can any other
ordinary fact. The usual rules of evidence must
govern. All the testimony, therefore, given by the
witness, based upon information derived from others
having been duly objected to, should be disregarded.
The only evidence we have then is, that there was

formerly under the unwritten law of the Grand Duchy of Baden, a community of Hochhausen, with a mayor and a common council, whose duty it was to watch over the interests of its people, and which as long ago as 1832 recognized by statute, as a *quasi* corporation, which could not be dissolved except by legislative action. Since 1848 there has been a legislature of the Grand Duchy, holding annual sessions and passing laws; but what these laws are we have not been informed. Hence, there is no proof of any law, existing at the date of the death of the testator, showing that the community of Hochhausen was a corporation. Without such proof it is not competent to take the legacy, and it lapses; but it does not fall into the residuum, but will devolve as undisposed of. 2 Jarman on Wills (5 *Amer. ed.*), 368 and will pass to testator's daughter.

NOTE. Affirmed by the General Term of the Supreme Court in the Second Department, February 12, 1890.