## SIMON ROTHSCHILD, Respondent, *v.* THE RIO GRANDE WESTERN RAILWAY COMPANY, Appellant.

*Pleadings — the laws of another State are facts which must be pleaded — legal conclusion.*

In an action brought to recover of a foreign corporation interest due upon certain bonds of another corporation, for which, as alleged, the former was liable by reason of a consolidation of the companies, the complaint alleged that "thereby, and under the laws of the State of Colorado, and of the Territory of Utah aforesaid, all the debts, liabilities and duties of said consolidating companies and corporations, respectively, thereupon attached to said new corporation, the defendant herein, and became enforceable against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it."

On the hearing upon a demurrer, interposed to the complaint, it was

*Held,* that the laws of Utah and Colorado were facts which should have been pleaded, since it was under those laws that plaintiff expected to recover.

That the bare allegation that, under such laws, a liability attached was a legal conclusion, and established no cause of action.

*Berney* v. *Drexel* (33 Hun, 34) distinguished.

Appeal by the defendant from an interlocutory judgment, entered in the clerk's office of the county of New York on the 9th day of July, 1890, overruling defendant's demurrer to the complaint; and from an order, entered in the same office on the same day, upon which latter order said interlocutory judgment was entered.

*Theodore F. H. Meyer,* for the appellant.

*William Strauss,* for the respondent.

BARRETT, J.:

The defendant is a foreign corporation, created by the laws of Colorado and Utah. It is sued upon interest coupons attached to mortgage bonds of another corporation. The plaintiff claims that the defendant is liable upon these coupons by reason of a consolidation of the corporation, which issued the mortgage bonds, with another corporation, and he claims that the present defendant by this consolidation became liable upon these coupons. The only allegation in the complaint from which this legal liability can be inferred is in these words :

"Thereby and under the laws of the State of Colorado and of the territory of Utah, aforesaid, all the debts, liabilities and duties of said consolidating companies and corporations, respectively, thereupon attached to said new corporation, the defendant herein, and became enforceable against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it."

The demurrer is upon the grounds that the laws of Colorado and Utah are facts which must be pleaded, and that the bare allegation, that under these laws the liabilities of the consolidating companies became attached to the defendant and enforceable against it, is insufficient to constitute a cause of action. We think the demurrer was well founded. The allegation is not a statement of fact, but of a legal conclusion from undisclosed facts. It is, in effect, saying that under foreign laws, of which we know nothing, one person has become liable for another person's debts, and it differs in no substantial particular from an allegation, which has always been treated as a mere conclusion, that the defendant is indebted to the plaintiff. It is clear that the foreign law should have been pleaded. The law of a foreign state is a fact to be alleged and proved like any other fact. It is not necessary to plead the evidence of the fact, whether such evidence be embodied in the statutes of the foreign State, or in the decisions of its courts. But the fact that a given proposition is the law must be stated, if such fact is essential to a recovery. The case of *Berney* v. *Drexel* (33 Hun, 34) does not conflict with this conclusion. There a *fact* was stated, namely, that upon the testator's death his personal property, "under the laws of France," vested immediately in certain of the plaintiffs. That was, in substance, an allegation that these persons were the owners of the property, which

the defendants were charged with having converted; in other words, an allegation of the fact of plaintiff's title. It is true that this allegation was coupled with a disclosure of its legal source. But such disclosure was superfluous. It was simply a suggestion of the nature of the proof which would be adduced upon the trial to support the fact of title as alleged. It will be observed, too, that the defendants in that case were sought to be charged with a common-law liability, while the defendant here can only be held under the statutes of Colorado and Utah. The plaintiff here has neither pleaded such statutes, nor any fact from which the conclusion, that a liability for the coupons in suit attached to the defendant and became enforceable against it, can be deduced.

The judgment should, therefore, be reversed, with costs, and the demurrer sustained, with leave to the plaintiff to amend his complaint within twenty days, upon payment of the costs of the demurrer and of this appeal.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

So ordered.