### RIENDEAU v. VIEU.

(Supreme Court, General Term, First Department. December 16, 1892.)

FOREIGN LAWS—PLEADING AND PROOF.

In an action upon a contract executed in Canada, the complaint alleged that the contract was governed by the law of Lower Canada, "and that under said law the plaintiff is entitled to the relief hereinafter prayed for." It was neither alleged nor proved whether the law of Canada was statutory or unwritten, or what the provisions of the law were; the evidence being merely that the contract was executed according to said law, and that the plaintiff was entitled to relief thereunder. *Held,* that the omission properly to allege and prove the Canadian law constituted reversible error.

Appeal from circuit court, New York county.

Action by Emilie Riendeau against Henry A. Vieu as executor of Andrew Leonard, otherwise known as Eustache Riendeau, deceased. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

C. Doremus, for appellant.

Richard O'Gorman, (Robert Weil, of counsel,) for respondent.

VAN BRUNT, P. J.   This action was brought to recover the sum of £375 claimed to be due under an antenuptial contract alleged to have been entered into between the plaintiff and one Eustache Riendeau, in Canada, in the year 1846.   The validity and interpretation of the contract, therefore, depended upon the law of Canada.   The complaint originally contained no allegation in respect to the law of Canada. That such allegation was necessary in order to permit proof of such foreign law seems to have been finally recognized by the plaintiff, who upon the trial moved to amend the complaint, and was allowed to so amend, against the objection of defendant, by alleging—

"That said contract was made, and subject to, and governed by the law of Lower Canada, known as 'Contume de Paris,' and that it is governed by said law, both as to validity, execution, and interpretation, and the rights of the parties thereunder, and that under said law the plaintiff is entitled to the sum of £375, and to the relief hereinafter prayed for."

This allegation was clearly insufficient, even if the court should have permitted so radical an amendment upon the trial.   It was not alleging the law.   It was not alleging was the law was, and then leaving it for the court to judge what the plaintiff was entitled to under it.   But it was simply the allegation of a conclusion of the plaintiff's right to recover, bringing it directly within the objection so pertinently pointed out in the case of Rothschild v. Railway Co., 59 Hun, 454, 13 N. Y. Supp. 361.   And furthermore, upon an inspection of section 942 of the Code, it appears that it may be necessary to allege whether the foreign law is a statute law, or unwritten or common law, because the modes of proof are different and distinct.   The evidence in respect to the existence of the law was equally objectionable.   The witness determines as to whether the law is complied with, and not the court.   He testifies as to what the objects of the contract were, and what the plaintiff was entitled to thereunder, and that he considers the contract has been made and executed according to the laws of Lower Canada at the date of the passing thereof. He does not state what the Canadian law is, and leave the court to judge as to whether it has been complied with.   He does not state whether the Canadian law is statutory or unwritten or common law, which was necessary in order that it might be ascertained whether his evidence, under any circumstances, could be competent or not.   This error seems to have pervaded the whole case, and the witnesses upon the part of the plaintiff determined as to whether the plaintiff is to recover, and not the court and jury.

It is not necessary to discuss at length the various other objections presented upon the argument of this appeal, many of which are well taken, because the error to which attention is called permeates the whole case, and is fatal to the judgment which has been recovered.   We think, also, that if the plaintiff is to be allowed to amend her complaint it should be done upon a proper motion made to the special term therefor, and the defendant allowed to answer.   The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.