FIDELITY & CASUALTY CO. OF NEW YORK v. WELLS.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

1. GUARANTY—SUFFICIENCY OF COMPLAINT.
    A complaint alleged the execution by a certain person of certain notes, dated at a certain time, and the time each, by its terms, became due; that at the time of such execution defendant, for a valuable consideration, executed to plaintiff a written guaranty of the payment thereof; that a certain sum remained due on one of such notes, and that another was due and unpaid; and demanded judgment for the amount due on each. *Held*, that such complaint stated a cause of action.

2. CONTRACTS—EXECUTION IN FOREIGN STATE.
    The fact that a contract sued on in New York was executed in Pennsylvania, and that the law of the latter state governing such contract differed from that of New York, is immaterial, where the law of Pennsylvania was not alleged and proved as a fact.

Appeal from special term, New York county.

Action by the Fidelity & Casualty Company of New York against Charles W. Wells on a contract of guaranty. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Byron Traver, for appellant.
Edward P. Mowton, for respondent.

RUMSEY, J. It is not necessary for the plaintiff to rely upon section 534 of the Code of Civil Procedure to sustain this complaint It contains all the necessary allegations to make it good, without reference to that section. It alleges the making by Roehrig and the delivery to the plaintiff of six promissory notes, dated March 1, 1890, and the time that each note, by its terms, became due. It alleges that at the time of the execution and the delivery of these notes the defendant, for a valuable consideration, executed and delivered to the plaintiff a guaranty of the payment of said notes, setting out the guaranty in full. It alleges that there has been paid upon the fifth of said notes a certain sum, and that there remains unpaid and due upon it a certain sum, which it states. It alleges that the sixth of these notes has become due, and is unpaid, and it demands judgment for the amount of that note and the sum still due on the fifth note.

There is no doubt but that this complaint is good. It is said that the contract of guaranty was made in the state of Pennsylvania, but that does not necessarily appear in the complaint, and, if it did, it is of no importance. The guaranty as set out in the complaint is an absolute contract that the notes should be paid at

maturity by the maker, and when he failed the plaintiff had a complete case against the guarantor. Brown v. Curtiss, 2 N. Y. 225. If, as is claimed by the defendant, the law of Pennsylvania differs in that regard from ours, no presumption to that effect exists; but that law must be alleged as a fact, and, until it is so alleged and proven, we must assume that this contract, wherever made, is to be construed under the rules of the common law as applied in the state of New York. Monroe v. Douglass, 5 N. Y. 447.

The judgment must be affirmed, with costs, with leave to the defendant to withdraw his demurrer and answer upon payment of costs in this court and in the court below within 20 days. All concur.