VAN BRUNT, P. J., BARRETT, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.

---

THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent,
*v.* CHARLES W. WELLS, Appellant.

*Pleading — when a complaint sufficiently alleges a cause of action on a contract of guaranty — the rules of the common law are presumptively applicable to a contract made in another State.*

A complaint alleged that one Roehrig made and delivered to the plaintiff six promissory notes, stating their respective dates of maturity; that, at the time of the execution and delivery of the notes the defendant, for a valuable consideration, executed and delivered to the plaintiff a guaranty of payment of said notes (which guaranty was set out in the complaint and appeared to be an absolute contract that the notes should be paid at maturity by the maker) and that a portion of the fifth note and the whole of the sixth note were due and unpaid, for which sums it demanded judgment.

*Held*, that the complaint stated a cause of action.

A contract of guaranty executed in Pennsylvania will be construed under the rules of the common law as applied in the State of New York, unless it is alleged and proven as a fact that the law of Pennsylvania upon that subject differs from the law of the State of New York.

APPEAL by the defendant, Charles W. Wells, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of May, 1899, upon the decision of the court, rendered after a trial at the New York Special Term, overruling his demurrer to the plaintiff's complaint.

*Byron Traver*, for the appellant.

*Edward P. Mowton*, for the respondent.

RUMSEY, J.:

It is not necessary for the plaintiff to rely upon section 534 of the Code of Civil Procedure to sustain this complaint. It contains all the necessary allegations to make it good without reference to that section. It alleges the making by Roehrig and the delivery to the plaintiff of six promissory notes dated March 1, 1890, and the time that each note, by its terms, became due. It alleges that at the time of the execution and the delivery of these notes the defendant, for a valuable consideration, executed and delivered to the plaintiff a guaranty of the payment of said notes, setting out the guaranty in full. It alleges that there has been paid upon the fifth of said notes a certain sum, and that there remains unpaid and due upon it a certain sum, which it states. It alleges that the sixth of these notes has become due and is unpaid, and it demands judgment for the amount of that note, and the sum still due on the fifth note.

There is no doubt but that this complaint is good. It is said that the contract of guaranty was made in the State of Pennsylvania; but that does not necessarily appear in the complaint, and if it did it is of no importance. The guaranty as set out in the complaint is an absolute contract that the notes should be paid at maturity by the maker, and when he failed the plaintiff had a complete case against the guarantor. (*Brown* v. *Curtiss,* 2 N. Y. 225.) If, as is claimed by the defendant, the law of Pennsylvania differs in that regard from ours, no presumption to that effect exists, but that law must be alleged as a fact; and until it is so alleged and proven we must assume that this contract, wherever made, is to be construed under the rules of the common law as applied in the State of New York. (*Monroe* v. *Douglass,* 5 N. Y. 447.)

The judgment must be affirmed, with costs, with leave to the defendant to withdraw his demurrer and answer upon payment of costs in this court and in the court below within twenty days.

VAN BRUNT, P. J., BARRETT, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and answer on payment of costs in this court and in the court below.