J. W. MATTHEWS & CO. v. EMPLOYERS' LIABILITY ASSUR. CORPORA-
TION, Limited.

(Supreme Court, Appellate Division, Second Department.   June 5, 1908.)

1. EMBEZZLEMENT—"LARCENY" BY EMBEZZLEMENT—EMBEZZLEMENT BY SERV-
ANT—STATUTORY PROVISIONS.

Pen. Code, § 528, makes it "larceny" for a servant to appropriate to
his own use any money which he has in his possession as such servant,
with intent to deprive the true owner of his property or the use thereof.
Section 548 provides that it is a sufficient defense that the property was
appropriated openly under a claim of title preferred in good faith, but
that the section shall not excuse the retention of the property of another
to pay demands held against him.  An employé collected over $900 for
his employer, and deducted therefrom over $400, which he claimed was
for arrears of salary and expenses and a certain other item, and sent
his check to the employer for the balance, with a statement showing
how it was arrived at.  Held, that where the employer owed less than
$100, and the claim of the employé was made with intent to avoid pay-
ment of certain sums due, the employé was guilty of larceny under the
Code, for the appropriation was not under a claim of title, but under a
claim of indebtedness, and was not made in good faith.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, pp.
3991–4003.]

2. INSURANCE—FIDELITY INSURANCE—LAWS GOVERNING—PLACE OF CONTRACT.

Where a contract indemnified plaintiff against fraud or dishonesty of
an employé amounting to embezzlement or larceny, and the employé col-
lected and misappropriated funds in another state, the question of larceny
vel non would depend on the laws of the state where the contract was
made.

Appeal from Trial Term, Orange County.

Action by J. W. Matthews & Co. against the Employers' Liability
Assurance Corporation, Limited.  From a judgment for plaintiff, de-
fendant appeals.  Affirmed.

Action on a fidelity policy of insurance issued in this state to the plaintiff,
a resident thereof.  It was issued on the employment of one Connolly as a
commercial salesman by the plaintiff, and was an agreement to indemnify
the plaintiff for any pecuniary loss the plaintiff should sustain by any "fraud
or dishonesty" of the said Connolly in his employment which should amount
"to embezzlement or larceny."  His employment required him to make collec-
tions on his sales and remit the same to the plaintiff.

The employment was terminated in July, 1903.  In June the employé had
made collections in Connecticut for goods sold by him in that state amounting
to $960.31.  In terminating his employment he deducted therefrom $464.33,
which he claimed was for arrears of his salary and expenses, and $38.12 for
another item, and sent his check to the plaintiff for the balance, $457.86, with
a statement showing how it was arrived at, as stated above.  This action
was brought to recover the sum of $502.45 thus retained, and the complaint
alleges a larceny of it.

The referee before whom the case was tried found that the plaintiff did
not owe the said employé the amount he so retained, but only $95.05, and that
his claim that it was owing to him was not made in good faith, but with
intent to avoid payment to the plaintiff of certain sums he owed it.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and
MILLER, JJ.

John A. Dutton, for appellant.
Henry Kohl, for respondent.

GAYNOR, J. The findings of fact sufficed to support the legal conclusion of larceny under the law of this state. Section 528 of our Penal Code makes it larceny for an agent or servant to appropriate to his own use any money or property which he has in his possession as such agent or servant, "with intent to deprive or defraud the true owner of his property or of the use or benefit thereof." Section 548 provides that it is a sufficient defence that the "property" was "appropriated openly and avowedly under a claim of title preferred in good faith, even though such claim is untenable." But the referee found on sufficient evidence that the appropriation in this case was in bad faith. Moreover, such appropriation did not come under this latter provision. The money was not appropriated under a claim of title, but under a claim of indebtedness by the plaintiff to the agent; and it is provided by the last sentence of this same section, that the said section "shall not excuse the retention of the property of another to offset or pay demands held against him."

The claim that the question of larceny should be determined under the laws of Connecticut, where the money was collected and misappropriated, is not tenable, the contract of insurance having been made and delivered in this state to the plaintiff, a resident thereof. The contract was not a roving one but intended the laws of this state. Grand v. Livingston, 4 App. Div. 589, 38 N. Y. Supp. 490; Id., 158 N. Y. 688, 53 N. E. 1125; Fidelity Co. v. Wells, 49 App. Div. 171, 62 N. Y. Supp. 1066; Stumpf v. Hallahan, 101 App. Div. 383, 91 N. Y. Supp. 1062; Monroe v. Douglass, 5 N. Y. 448; Union Bank v. Chapman, 169 N. Y. 538, 62 N. E. 672, 57 L. R. A. 513, 88 Am. St. Rep. 614.

The plaintiff complied with the condition precedent of furnishing particulars and proofs of loss.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except RICH, J., not voting.