LAURA BAKER, Plaintiff in error, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Defendant in Error.

Kansas City Court of Appeals, February 1, 1915.

1. **PLEADING: Petition: Cause of Action: Humanitarian Rule.** A petition praying judgment for the death of plaintiff's husband in Oklahoma, under the humanitarian rule, held sufficiently specific to state a cause of action.

2. **NEGLIGENCE: Humanitarian Rule: Duty: Drunken Man.** It is the duty of the servants of a railway in charge of its engine to keep a lookout along the track where the public habitually walk or cross. And this duty is owing to a man drunk and lying unconscious, or helpless, on the track at such place.

3. **CONFLICT OF LAWS: Presumption: Evidence: Forum.** There is no presumption that the common law is in force in the State of Oklahoma, and therefore where there is no proof of the law of that State in an action in Missouri for damages against a railway company for killing plaintiff's husband in Oklahoma, based on the humanitarian rule, the courts of Missouri will apply the Missouri law.

Error to Jackson Circuit Court.—*Hon. Jos. A. Guthrie,* Judge.

REVERSED AND REMANDED.

*A. R. Hammett* for plaintiff in error.

(1) Under the Missouri construction of the common law there was a duty upon those operating the engine to be on the lookout for deceased. Dutcher v. Railroad, 241 Mo. 137; Murphy v. Railroad, 228 Mo. 56; Ahrefeld v. Railroad, 212 Mo. 280; Sites v. Railroad, 197 Mo. 711; Holden v. Railroad, 177 Mo. 456; Kochenbrinck v. Railroad, 172 Mo. 678; Williams v. Railroad, 139 Mo. App. 481; Smith v. Railroad, 129 Mo. App. 413. (2) In the absence of evidence to the contrary, the common law is presumed to be in force in Oklahoma. No evidence was offered in this case in the trial court. Supreme Council Order of Chosen Friends v. Garrins, 3 N. E. 818; Schalten v. Barber, 75 N. E. 460; Hodgkins v. Bowser, 80 N. E. 796.

*Cowherd, Ingraham, Durham & Morse* and *W. F. Evans* for defendant in error.

ELLISON, P. J.—Plaintiff brought her action for $7500 as damages for defendant killing her husband in the State of Oklahoma. Defendant demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained by the trial court and plaintiff thereupon brought the case here by writ of error.

The petition alleges that on and prior to the 26th of October, 1912, defendant operated its road through the town of Dawson in the State of Oklahoma. That plaintiff is the widow of Frank Baker who, on that day, at about dark, while intoxicated, had fallen on the defendant's track at a place habitually used as a

public crossing in said town, when he was killed by one of defendant's trains running upon him while in an unconscious condition. That the public made daily use of the place as a crossing with the knowledge and tacit consent of defendant; that it was about 600 feet from defendant's station building in said town and only about thirty feet from a crossing sign maintained by defendant.

That defendant's servants, negligently and carelessly, while its locomotive and train were going at a speed of twenty-five miles an hour, ran over her said husband and killed him. That defendant knowing of the habitual use of such place by the public, owed to deceased and the public a duty to keep a lookout to discover anyone and avoid injuring him if it could be done by ordinary care. That the locomotive as it approached the crossing carried a headlight which lighted the track, for a distance of 2000 feet, sufficiently for those in charge thereof to have seen Baker in his position upon the track, and to have known that he was oblivious to danger, in time, by the use of ordinary care, with the means at hand, to have stopped the train before reaching Baker. That because of the negligent failure of defendant's servants to discharge their duty to keep a lookout and because they negligently failed to see Baker upon the track in the perilous position stated in time to have stopped the train, they ran upon and killed him.

The petition then charged that at the time of Baker's death there was a statute of Oklahoma (set out in the petition) giving an action for the death of a person to the personal representative of such person where the death was caused by the wrongful act of another, in all cases where the deceased may have maintained an action had he lived. That such statute provided that where the deceased party at time of his death was a non-resident of Oklahoma, the action may be brought by the widow. The petition then charges

that deceased was a resident of New Mexico and that no personal representative had been appointed; and that plaintiff is damaged in the sum of $7500. It is then alleged that under these "statutes which con- stitute the Oklahoma law of this case, plaintiff is en- titled to recover said amount of the defendant and is entitled to maintain this suit in her own name and is bringing this suit under said Oklahoma law." Judg- ment is then prayed in the sum stated.

The first objection stated to the petition is that it does not allege that defendant's servants in charge of the engine "saw, or by the exercise of ordinary care might have seen, Baker." It will be observed that the petition states facts making it the duty of the servants to be on the lookout; and that there was sufficient light (we quote) "to have enabled those in charge of the engine to have seen said Baker . . . in time to have averted striking him, by the use of reasonable care on their part, and by the use of the means at their command could have stopped said train before reaching Baker." But "that because of the negligent failure of those in charge of said engine to discharge their duties and because they negligently failed to see said Baker, . . . in time . . ., said Baker was struck and killed as herein set out."

The allegations might have been more direct, but we think it is charged that defendant's servants could have seen Baker had they been on the lookout and that they negligently failed to see him. The case is not like that stated by Woodson, J., in Nivert v. Ry. Co., 232 Mo. 638. Omitted matter there is alleged here.

Defendant's argument would indicate that its serv- ants, to make them culpable, should have reasonably expected that a drunken man would be lying on the track. That is not necessary. If the place is habitually used by the public, with the tacit consent of the rail- road, as a place of crossing, or for pedestrians to walk along the track, it is sufficient. It may be that

those in charge of an engine running through a town and at a place where the public use the track, need not reasonably expect that a drunken man will be lying on the track, yet they must expect that *some* one may be on the track and they must keep a lookout for such one, regardless of his condition. The rule applies in behalf of a man who is lying on the track in stupefied state of intoxication. [Murphy v. Railroad, 228 Mo. 56; Dutcher v. Railroad, 241 Mo. 137.]

A second objection is that there is no allegation that the humanitarian rule exists in Oklahoma, and the action being based on a common-law right, known as the humanitarian rule; and as Oklahoma was never subject to the common law of England, defendant insists it cannot be presumed that the common law is in force there. We grant this; but in the absence of an allegation of the foreign law, our own law will determine the rights of the parties. [Flato v. Mulhall, 72 Mo. 522, 525 (Texas); Mathieson v. Railroad, 219 Mo. 542, 550; State ex rel. v. Chatam Nat. Bank, 80 Mo. 626, 631 (Russia); Thompson v. Railroad, 243 Mo. 336, 349 (Arkansas); Clark v. Barnes, 58 Mo. App. 667 (Arkansas).] Our law recognizes the humanitarian rule and as the petition stated facts which make a cause of action under that rule, it should have been held sufficient.

In so holding, we have not overlooked a suggestion that while the petition might have been held to state a cause of action, if it had not been demurred to and the parties had gone to trial; yet since objection was made by demurrer, we ought to say that no cause of action was stated. In support of this we are cited to Lee v. Railroad, 195 Mo. 400, 415. That case does not support defendant's suggestion. There was an objection made to receiving any evidence under the petition in that case on the ground that it did not state a cause of action, but the court ruled that it did state a

cause of action and sustained the judgment in the cause. Though the court did state that "by the strict rules of pleading, plaintiff's petition should have stated the law of Kansas applicable to the facts; . . . and that if timely objection had been made to the petition by demurrer or otherwise, it would doubtless have been sustained" by the trial court. The court evidently referred to a demurrer for a formal, or, at least, nonfatal defect and not to the failure to state a cause of action; for that character of pleading will not sustain a judgment and is never waived and may be raised at any time. So we consider the case cited to be against the ruling in this case that no cause of action had been stated.

There is much learning in the opinions of the courts, whether, in the absence of a showing of the law of the foreign State, the presumption should or should not be that the common law was in force in such State; or that the law of such foreign state was the same as that of the State where the remedy is sought, or of applying the law of the latter State without indulging in any presumption at all. [Cuba R. R. Co. v. Crosby, 222 U. S. 473; Parrott v. Mex. C. R. R. Co., 207 Mass. 184.] But it will be observed from the foregoing citations that the courts of this State have adopted the view that where a presumption cannot be indulged, the law of the forum will be applied. And that rule has support in other jurisdictions. [Buchanan v. Hubbard, 119 Ind. 187; Cincinnati R. R. v. McMullen, 117 Ind. 439; Savage v. O'Niel, 44 N. Y. 298; Monroe v. Douglass, 5 N. Y. 447.]

It follows that the judgment should be reversed and the cause remanded. All concur.