HENRI M. SLIOSBERG, Respondent, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant, Respondent. (Actions Nos. 1 and 2.)

First Department, July 6, 1926.

**Insurance — life insurance — action upon two twenty-year life policies issued in 1901 and 1906 respectively, by defendant, domestic corporation, to resident of Russia — actions are to recover matured value of one policy and cash surrender value of other — not necessary to plead law of Russia — acknowledgment in policy that claims under policy would be subject to St. Petersburg courts only, does not oust our courts — not necessary to allege Russian law in action to recover consideration paid.**

The plaintiff, while a resident of Russia, received two twenty-year life insurance policies from the defendant, through its Russian branch, one in 1901 and the other in 1906. These actions are to recover the matured value of one policy and the cash surrender value of the other, and in the alternative, to recover the amount of the premiums paid on the policies. In the actions to recover the matured value and cash surrender value, it was not necessary for the plaintiff, who is now a resident of this State, to plead the law of Russia, for the contracts in question are New York contracts and were not in their inception wholly or essentially to be performed in Russia, but in their very terms were to be performed by the defendant in New York.

The courts of New York have jurisdiction of these actions, notwithstanding a provision in the policy to the effect that any claims and suits that might arise under the policies " are acknowledged, by both sides, as being subject to the jurisdiction of the St. Petersburg Courts only," for the clause in question was intended to restrict litigants who desired to commence actions in Russia to the courts of the city of St. Petersburg, and furthermore, the clause will not be construed as ousting our courts of jurisdiction, and, therefore, the plaintiff had the right to maintain these actions in the courts of this State.

The plea of the defendant that if recovery is had in this action it may be subject to a subsequent recovery in Russia, is without merit.

The plaintiff, in his actions to recover the amount of consideration paid on the theory that the defendant had repudiated its contracts, was not required to plead the Russian law, for an action to recover the consideration paid on repudiation of the contracts does not require the invocation, for its justification, of any foreign law.

APPEAL by the defendant, New York Life Insurance Company, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of July, 1925, as denies the defendant's motion to dismiss the complaint and each of the causes of action therein, on the ground that the court has not jurisdiction of the subject of the action, or, in the alternative, for a stay of the action.

Appeal by the plaintiff, Henri M. Sliosberg, from so much of said order as grants defendant's motion to dismiss the second cause of

action on the ground that it does not state facts sufficient to constitute a cause of action.

*Walter H. Pollak* of counsel [*Ruth I. Wilson* and *Frederic C. Pitcher* with him on the brief; *Engelhard, Pollak, Pitcher & Stern,* attorneys], for the plaintiff.

*John Foster Dulles* of counsel [*Rogers S. Lamont* with him on the brief; *Sullivan & Cromwell,* attorneys], for the defendant.

MARTIN, J. The defendant issued two policies of life and endowment insurance to plaintiff in the course of its Russian business. The orders here for review involve the rights of a policy holder to recover on the policies so issued. In each both sides appeal, the plaintiff from a dismissal of the second cause of action for insufficiency, with leave to amend, and the defendant from the denial of a motion to dismiss the first cause of action, or in the alternative for a stay. Defendant moved to dismiss on the theory that the court was without jurisdiction of the subject-matter and also for insufficiency.

The policy referred to in action No. 1 was issued in October, 1901, and is for 20,000 roubles. Plaintiff paid thirty-five half-yearly premiums of 566.8 roubles each on this policy, up to and including the premium due on October 24, 1918. The policy referred to in action No. 2 was issued in November, 1906, and is for 100,000 roubles. Plaintiff paid thirteen yearly premiums of 5,960 roubles each on this policy, up to and including the premium due on November 21, 1918.

Both of these policies were printed in the Russian language. They were made in Russia where, in ordinary course they were to be performed, but they were not to be valid unless accepted at the New York office within ninety days. They provided that, if the payment of premiums should be interrupted, the insured would have certain optional rights, including a right upon demand to a definite sum in cash, termed the cash surrender value of the policy. In the alternative the insured might take continuing insurance for the face amount of the policy throughout the twenty-year term, with the right, if the policy matured before death, to a lesser amount of cash than if the premiums had been paid throughout the twenty-year period.

In action No. 1 plaintiff seeks to enforce this second optional right and claims the amount which, under this option, would have become due upon the expiration of the twenty-year term in 1921.

In action No. 2 plaintiff seeks to obtain the cash surrender value of the policy at the time he discontinued the payment of premiums in 1918.

Each action, however, contains a second count on substantially the same theory in each case. Here the plaintiff demands the return of all premiums which he had theretofore paid, the theory being that, since the defendant, as alleged, withdrew from Russia in 1919 and disclaimed liability, it repudiated the contracts, giving the insured the right to rescind and to recover all that he had theretofore paid by way of premiums.

A determination as to the extent that he may recover, whether wholly or only in part, must await the trial.

The motion for insufficiency directed to the first cause of action in each case is based upon an assertion that plaintiff should have set forth the law of Russia, to show that under that law his first counts are good.

The pleadings show that the application for insurance was finally passed upon, in each instance, at the New York office, and also that, ultimately, performance could be required in New York. The policies were issued there and bore the signatures of the president and actuary of the company in that State. They expressly provided that the acceptance or rejection of insurance depends entirely on the decision of the home office at New York, expressly limiting the authority of the chief representative for Russia to issuing temporary policies for ninety days, pending " the decision of the home office in New York " on the acceptance.

It was provided in the policies that the yearly apportionment of dividends was to be made " by the management of the company in New York; " and that payment would be made by the company from the home office, " by transmitting the insured amount direct to the beneficiary."

It appears that plaintiff has left Russia and that defendant no longer maintains an office or representative there.

In their inception the contracts imposed obligations which were not wholly or essentially to be performed in Russia, and which at the time of the breach could no longer be performed there.

The general principles of law governing this case have been set forth in *Sokoloff* v. *National City Bank* (239 N. Y. 158, 164, 166) where it was said:

" Courts of high repute have held that confiscation by a government to which recognition has been refused has no other effect in law than seizure by bandits or by other lawless bodies (*Russian Commercial & Industrial Bank* v. *Comptoir D'Escompte de Mulhouse,* [1923] 2 K. B. 630, 638; S. C., H. of L., 40 T. L. R. 837; *Banque International* v. *Goukassow,* [1923] 2 K. B. 682; *Luther* v. *Sagor & Co.,**

* See *Aksionairnoye Obschestvo A. M. Luther* v. *Sagor & Co.*— [Rep.

[1921] 1 K. B. 456; S. C., [1921] 3 K. B. 532; cf. *White, Child & Beney, Ltd.,* v. *Simmons* [1922] 127 L. T. 571).   \*   \*   \*

" This contract the defendant has not performed, yet it refuses to return the dollars that were paid to it by the plaintiff upon its promise of performance.   Two acts that must be kept distinct in thought are said to justify this refusal.   One is the decree nationalizing the banks of Russia with the accompanying seizure of their assets.   The other is the later decree confiscating the accounts of the depositors as a ' revolutionary tax.'

" The defendant's liability was unaffected by the attempt to terminate its existence and the seizure of its assets.   A government of Russia *could* not terminate its existence either by dissolution or by merger, for it was a corporation formed under our laws, and its corporate life continued until the law of its creation dec ared that it should end.   What a Russian government could do was to deprive it of the privilege of doing business upon Russian soil.   But the ending of its Russian business was not the ending o. its duty to make restitution for benefits received without requital.   As to this, there would be no dispute if its assets had been left intact.   The situation in a legal aspect is not changed by the fact that the property of the Russian branch has been scattered or despoiled.   Plaintiff did not pay his money to the defendant, and become the owner of this chose in action, upon the security of the Russian assets.   He paid his money to a corporation organized under our laws upon the security of all its assets, here as well as elsewhere.   Everything in Russia might have been destroyed by fire or flood, by war or revolution, and still the defendant would have remained bound by its engagement.   The plaintiff had no means of knowing whether the assets physically in Russia were large or small.   He might fairly assume, if he gave thought to it at all, that the reserve in cash or bullion at the disposal of the Russian branch would be only a small proportion of the Russian liabilities.   Even now, the defendant does not state that it kept any more rubles or securities in Russia after its agreement with the plaintiff than before.   It states, indeed, that its Russian assets were over 240,000,000 rubles and that its Russian liabilities were over that amount, but it does not state that the excess was the same for each.   If assets physically n Russia were less than liabilities, the defendant would be making a profit by the process of cancellation."

Defendant's argument that the court has not jurisdiction is based principally upon a provision in the contracts that " any claims and suits that may arise under the present insurance, are acknowledged, by both sides, as being subject to the jurisdiction of the St. Petersburg Courts only."   We are of the opinion that by

this clause it was intended to restrict litigants who desired to commence actions in Russia to the courts of St. Petersburg. But it has been frequently held that the parties may not thus oust the courts of this State of jurisdiction. Moreover, the maintenance of an action in Russia would involve insurmountable difficulties of pleading and proof.

In *Meacham* v. *Jamestown, F. & C. R. R. Co.* (211 N. Y. 346, 354) the court said: " It is true that some judges have expressed the belief that parties ought to be free to contract about such matters as they please. In this State the law has long been settled to the contrary. (*Sanford* v. *Commercial Travelers' Mut. Acc. Assn.*, 86 Hun, 380; 147 N. Y. 326; *Nat. Contracting Co.* v. *Hudson R. W. P. Co.*, 192 N. Y. 209. See also; *Miles* v. *Schmidt*, 168 Mass. 339; *Fisher* v. *Merchants' Ins. Co.*, 95 Me. 486.) The jurisdiction of our courts is established by law, and it is not to be diminished, any more than it is to be increased, by the convention of the parties."

In *Kent* v. *Universal Film Mfg. Co.* (200 App. Div. 539, 546) this, court by Mr. Justice LAUGHLIN, said: " No theory is presented or could be presented by which the Supreme Court of this State has not jurisdiction over a domestic corporation. When it incorporated under the laws of this State, it necessarily conferred jurisdiction upon the courts here whether sued by a non-resident, as is the plaintiff, or by a resident of this jurisdiction."

And (at p. 551) he further said: " * * * The defendant, a domestic corporation, could not, even if it were so intended, contract to oust the courts of this State of jurisdiction to call it to account under its agreements with the plaintiff."

In *Sudbury* v. *Ambi Verwaltung Kommanditgesselschaft* (213 App. Div. 98) the court said: " ' We are, therefore, of the opinion that, assuming as we must, this plaintiff to be a *bona fide* resident of the State of New York, the Supreme Court could not refuse to hear his case and had no right to dismiss it.' "

It is true that in the case of *Meacham* v. *Jamestown, F. & C. R. R. Co.* (*supra*, 353) it was said: " There may conceivably be exceptional circumstances where resort to the courts of another State is so obviously convenient and reasonable as to justify our own courts in yielding to the agreement of the parties and declining jurisdiction," but this has no application in the present controversy, it being practically conceded that the plaintiff has no remedy in Russia, in the courts of which country the defendant would confine him. Moreover, jurisdiction over the defendant cannot now be obtained in that country. Under these circumstances to give effect to the jurisdictional clause would mean that no action could be

44

brought upon the policies. Assuming that a jurisdictional clause of this character will be given effect to prevent grave injustice, we have not here a situation in which such a doctrine can be invoked. We have a case in which it would be unjust to allow the clause to be invoked.

It is argued that the failure to enforce the jurisdiction clause might result in a double recovery, inasmuch as, according to defendant, a Russian court would not consider itself bound by a judgment in these actions. However, so far as Russia is concerned, it is apparent that no satisfaction could be obtained there; and it is to be assumed in the other jurisdiction recoveries in these actions would be a defense. Moreover, if it be otherwise, nothing that can be decided in these cases would protect defendant.

In *Russian Reinsurance Co.* v. *Stoddard* (240 N. Y. 149) there was a danger of double recovery because of the inability of the directors to show authority to collect assets. In this case plaintiff's right to sue will presumably be evidenced by his possession of policies which will be surrendered upon payment. In *Russian Reinsurance Co.* v. *Stoddard (supra)* it is said: " At least in actions at law when other possible claimants could not be brought into court, the court has ordinarily not regarded such danger as a sufficient ground to refuse to take jurisdiction of an action to enforce rights against a resident of this State which a plaintiff can establish by competent evidence." (240 N. Y. 155.)

As to the decision that the second alleged causes of action are insufficient for failing to plead the Russian law, we are not in accord with the Special Term. An action to recover the consideration paid on repudiation of a contract is in character such as not to require the plaintiff to invoke, for its justification any foreign law.

In *Monroe* v. *Douglass* (5 N. Y. 447, 452) the court said: " The laws of the country to whose courts a party appeals for redress, furnish, in all cases, *prima facie*, the rule of decision; and if either party wishes the benefit of a different rule or law, * * * he must aver and prove it." (See, also, *Richard* v. *Credit Suisse*, 124 Misc. 3; affd., 214 App. Div. 705; affd., 242 N. Y. 346.) That was an action for money had and received, because of a total failure of performance. It was there stated: The burden of pleading the Polish Law, if the law denied restitution, was upon the defendant.

We are of the opinion, therefore, that it was not necessary for the plaintiff to plead the law of Russia, and that his complaint in both causes of action was sufficient.

The orders should, therefore, be affirmed in so far as they deny the motions to dismiss the complaints and each of the causes of action therein on the ground that the court has not jurisdiction

of the subject of the action, and for a stay; and in so far as said orders grant defendant's motions to dismiss the second causes of action on the ground that they do not state facts sufficient to constitute causes of action, they should be reversed, with ten dollars costs and disbursements to the plaintiff upon each appeal, and the motions denied, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and WAGNER, JJ., concur.

In each case: Order so far as it denies motion to dismiss complaint on the ground that the court has not jurisdiction of the subject of the action, or, in the alternative, for a stay, affirmed. Order so far as it grants defendant's motion to dismiss second cause of action on the ground that it does not state facts sufficient to constitute a cause of action reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.