MADALEINE ELISE LEMYE, Plaintiff, *v.* FRANCOIS PIERRE CHARLES SIRKER, Sometimes Known as CARL SIRKER, and Another, Defendants.

Supreme Court, Schenectady County, August 15, 1927.

Husband and wife — ante-nuptial agreement — agreement made in Belgium for community of assets — divorce granted plaintiff in Belgium — pleadings — misjoinder of causes and indefiniteness not considered on motion to dismiss under Rules of Civil Practice, rule 106 — complaint is sufficient — complaint does not rely on Belgian Code for authority to make ante-nuptial contract — allegation as to effect of divorce in Belgium is allegation of fact.

The plaintiff and one of the defendants were married in Belgium in 1906. Said defendant came to the United States in 1911 and in 1920 married the other

defendant while the plaintiff was still living. The complaint alleges. that prior to the marriage in Belgium of the plaintiff to said defendant the parties entered into an ante-nuptial contract in writing " adopting the ' regime de la separation de biens ' as set forth by articles 1536 and the following articles of the Belgian Code, with certain modifications " and created by said contract a community of assets of the property, earnings and savings of the parties. The plaintiff alleges further that the plaintiff obtained a divorce in Belgium in 1925 and seeks now to have a division of the said defendant's property according to the ante-nuptial contract and the laws of Belgium.

On a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice the court will not consider the question of misjoinder of causes or indefiniteness in the pleading.

It is not necessary for the plaintiff, who is an alien, to allege that the court has jurisdiction of the action. If the court is without jurisdiction that is a matter of defense.

There is no allegation in the complaint that the plaintiff relies upon the Belgian Code for authority to enter into the ante-nuptial contract, but merely that certain provisions of the Belgian Code were incorporated in the contract and the plaintiff bases her cause of action entirely upon the contract which she alleges created a community fund or community of assets, and so far as the present action is concerned the reference to the Belgian Code is redundant.

The enforcement of the contract entered into by the parties and its interpretation must be according to the law of this State, since an ante-nuptial contract may be entered into here. If the law of Belgium is different and denies the parties the right, the burden of pleading that law is upon the defendant.

The allegation of the complaint that the effect of the divorce granted to the plaintiff in Belgium was to dissolve the community of assets and to give the plaintiff the right to recover one-half of the assets of both parties is not an allegation of a conclusion, but an allegation of fact under which the plaintiff will be at liberty to prove the laws of Belgium for the purpose of establishing the fact alleged.

Motion by defendants to dismiss the complaint.

*J. Franklin Kilmer* and *Walter F. Wellman,* for the plaintiff.

*John D. Miller,* for the defendants.

Goldsmith, J. The defendants move to dismiss the complaint upon the following grounds: (1) That the plaintiff has no legal capacity to sue; (2) that causes of action have been improperly united; (3) that the complaint does not set forth facts sufficient to constitute a cause of action; (4) that the complaint is insufficient on its face, both as to law and facts, and too indefinite to justify a judgment against defendants thereunder. Only the " first " and " third " grounds can be considered upon a motion to dismiss the complaint. (Rule 106, Rules of Civil Practice.) The other objections are not available upon this application.

The complaint alleges that on the 23d day of May, 1906, the plaintiff and the defendant Francois Pierre Charles Sirker, hereafter referred to as Carl Sirker, the name by which he is commonly

known, were married at Ixelles, Belgium. A few days previous to the marriage the parties entered into an ante-nuptial contract in writing " adopting the ' regime de la separation de biens ' as set forth by article 1536 and the following articles of the Belgian Code, with certain modifications," and in addition thereto created by said contract a " societe d'acquets " or community of assets of the property, earnings and savings of the parties. The plaintiff and Carl Sirker lived together as husband and wife until October, 1911, when he deserted her and went to the United States of America, where he subsequently took up his residence at Schenectady, N. Y., and has continued to reside and now resides in that city.

Some time prior to the 19th day of November, 1920, Carl Sirker married the defendant Alma Sirker, and she has since been known as his wife. On the 23d day of November, 1925, at Brussels, Belgium, the plaintiff was granted a divorce from Carl Sirker. Previous thereto, Carl Sirker and Alma Sirker, as husband and wife, became the grantees of several parcels of real property situate in the county of Schenectady, N. Y., and described in the complaint, and these premises now stand in the names of said parties. It is also alleged that, prior to the 23d day of November, 1925, Carl Sirker had acquired through earnings and income certain personal property, the character and amount being unknown to the plaintiff. The plaintiff asserts that all of said property, real and personal, became a part of the community of assets provided for in the ante-nuptial contract and became the property of herself and Carl Sirker. She further alleges that, according to the Belgian law, being the law to which she and Carl Sirker agreed to submit their properties by said contract, the existing community of assets was dissolved by said divorce and one-half thereof became the property of the plaintiff. She asks for an accounting and for relief necessary to invest her with her interest in the property.

The defendants claim that the plaintiff is an alien and must allege some right through treaty or otherwise in order to have recourse to them through a court of this State. . The complaint is silent upon the present residence and citizenship of the plaintiff but I think that it is a proper inference of fact from the allegations of the complaint that she is a resident and citizen of the Kingdom of Belgium. Assuming, without deciding, that she is an alien, there has been no authority presented to me that holds that an alien, seeking redress in a court of this State, must affirmatively allege that there is no impediment to such court assuming jurisdiction. On the contrary, I believe it is established by venerable precedent that it is a matter of defense to show that some obstacle

exists and it must be raised by answer. (*Clarke* v. *Morey*, 10 Johns. 69.)

Objection is made that the complaint in this action does not state a cause of action. The complaint is vulnerable in several respects. However, many of the defects that have been called to the attention of the court are not available to the defendants upon a motion to dismiss the complaint. The technique of the complaint is not the measure of its sufficiency. If in the entire pleading a cause of action is stated, the complaint must be sustained. I think that the complaint discloses (1) an ante-nuptial contract was consummated by the plaintiff and Carl Sirker creating a community of their assets; (2) the marriage and subsequent divorce of the parties; (3) the dissolution of the community fund by reason of the divorce and the right of the plaintiff to her share of the fund. These facts, if proven, would entitle plaintiff to a recovery.

The objection is offered that this contract was made pursuant to the Belgian Code Civil and that the Belgian law has not been sufficiently pleaded. The "third" paragraph of the complaint encompasses the making of the contract and its provisions and reads as follows: "That on the 21st day of May, 1906, the plaintiff and the said defendant Francois Pierre Charles Sirker, made and entered into a marriage contract in writing adopting the 'regime de la separation de biens' as set forth by article 1536 and the following articles of the Belgian Code Civil, with certain modifications and in addition thereto in and by said written agreement there was created a 'societe d'acquets,' composed exclusively of the benefits and savings which they or either of them should make during their marriage and the non-employed revenues of their personal estates, and that all acquisitions made by one or the other of the spouses during the marriage and which should not have been done by special clause of re-use, should be considered as having been made by and from the funds arising from the said 'societe d'acquets.'"

The complaint shows that defendants are in error in their contention that the plaintiff relies upon the Belgian Code Civil for authority to enter into the ante-nuptial contract. There is no such allegation in the complaint. Certain provisions of the Belgian Code Civil were incorporated in the contract, but plaintiff bases her cause of action upon a provision of the contract, other than any of those adopted from the Belgian Code Civil, creating a community fund. So far as this action is concerned, the reference to the Belgian Code Civil is a redundant allegation and has no bearing upon plaintiff's claim. It is, therefore, unnecessary to pass upon the sufficiency of this allegation of the pleading.

The question that then naturally arises is what law determines the rights of these parties to enter into this ante-nuptial agreement. It is well settled that " the laws of the country to whose courts a party appeals for redress, furnish, in all cases, *prima facie,* the rule of decision; and if either party wishes the benefit of a different rule or law * * * he must aver and prove it." (*Monroe v. Douglass,* 5 N. Y. 447.) In this State a male and a *feme sole* may enter into a contract before marriage. The right to consummate an ante-nuptial contract " is in character such as not to require the plaintiff to invoke for its justification any foreign law." If the law of Belgium is different and denies them such right, the burden of pleading the Belgian law is upon the defendant. (*Sliosberg v. New York Life Ins. Co., Nos. 1 & 2,* 217 App. Div. 685.) It follows that the allegation in respect to the making of the contract is sufficient.

The " sixth " paragraph of the complaint provides: " That the effect of said divorce under the Belgian law, being the law applicable as being the law to which the parties to the aforesaid contract agreed to submit their properties, the existing community of assets or ' societe d'acquets ' was dissolved and one-half of the value thereof became the absolute property of this plaintiff."

This paragraph alleged in substance that the ante-nuptial contract provided that the Belgian law should be applicable to the properties constituting the community fund and that the effect of the divorce under the Belgian law was to dissolve the fund and give the plaintiff the right to one-half thereof. If the parties contracted to have the agreement interpreted under the Belgian law (*Manhattan Life Ins. Co. v. Johnson,* 188 N. Y. 108), it becomes part of plaintiff's cause of action to plead and prove the Belgian law the same as any other fact. (*Rothschild v. Rio Grande Western R. Co.,* 59 Hun, 454.) Here the plaintiff has alleged that the effect of the divorce under the Belgian law is to dissolve the community fund. Defendants term this allegation as a conclusion. This is not the statement of a conclusion, but is the pleading of a fact, under which at the trial the plaintiff would be at liberty to prove the laws of Belgium for the purpose of establishing the fact that, following the divorce, the community fund became dissolved. The legal result would be that plaintiff would become entitled to her part of the fund and authorized to maintain this action therefor. (*Berney v. Drexel,* 33 Hun, 34.)

The defendants protest that the term " societe d'acquets " stands unexplained in paragraph " third " and, being a foreign term, should carry an explanation. The omission is supplied in

39

paragraph " sixth," the translation being given as " community of assets."

In the " thirteenth " paragraph of the complaint plaintiff asks to be reimbursed for payment of personal obligations of the defendant. The allegation is insufficient but cannot be disposed of upon this motion.

The other objections to the sufficiency of the complaint do not merit any comment from the court.

The motion to dismiss the complaint is denied, without costs. Submit order.